**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| GARRARD A. POWELL AND<br>KYLE H. PLUMLEE | CIVIL ACTION NO. 03-0707 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COLLIER CONSTRUCTION, L.L.C. KA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 51) filed by Plaintiffs Garrard A. Powell and Kyle H. Plumlee ("Plaintiffs"). Plaintiffs seek summary judgment in their favor and against Defendant Collier Construction, L.L.C. KA ("Collier Construction") in the amount of $9,600 for Plaintiff Kyle H. Plumlee ("Plumlee") and $9,160 for Plaintiff Garrard A. Powell ("Powell").[1]

The facts of this case were set forth in this Court's September 30, 2005 ruling (Record Document 47). Those facts are hereby adopted by reference. Simply put, this is a wage case where it is undisputed that Plaintiffs performed work and were not paid. Plumlee was not paid for six days of work he performed at the wage rate of $100 per day, for a total of $600. Powell was not paid for approximately 1 ½ days of work he performed at the wage rate of $100 per day, for a total of $160. The undisputed summary judgment

---

[1] Plaintiffs filed their Motion for Summary Judgment on January 13, 2006. A notice of motion setting (Record Document 52) was issued by the Clerk's Office on January 13, 2006. This notice stated that an opposing brief was due by January 30, 2006. See id. On January 25, 2006, the notice of motion setting was returned to the Clerk's Office and was re-mailed to defense counsel at a different address. Collier Construction filed its opposition on February 5, 2006.
    Due to the notice of setting being returned to the Clerk's office and being re-mailed on January 25, 2006, the Court will consider Collier Construction's opposition as timely filed. However, defense counsel is reminded that it is his duty to keep his mailing address current with the Clerk's Office.

record also evidences that Plaintiffs repeatedly demanded that they be paid, did so where they were customarily paid - Beaumont, Texas, and to the person who usually distributed money to them – Collier Construction employee Raymond Barbo. See Record Document 51, Statement of Material Facts, Exhibit C (Deposition of Plumlee) at 26:22 to 28:10 & Exhibit D (Deposition of Powell) at 17:6 to 17:8, 19:25 to 20:8, 21:5 to 21:6. As stated by Plaintiffs, and not disputed by Collier Construction, "Plaintiffs were employed, worked, demanded payment, and were not paid all of their wages." Id. at 5.

Plaintiffs have moved for summary judgment for liability and damages on their Louisiana wage claims and for liability on their Fair Labor Standards Act ("FLSA") claims.

## I. LOUISIANA WAGE CLAIMS.

Plaintiffs seek their unpaid wages under Louisiana Revised Statutes 23:631, which states:

> A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

Under section 631, Plumlee is seeking $600 in actual wages and Powell is seeking $160 in actual wages. Plaintiffs also seek penalty wages under Louisiana Revised Statutes 23:632, which states:

> Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

Collier Construction has conceded the issue of actual wages under section 631, but

contests the issue of penalty wages under section 632. Specifically, Collier Construction argued in its opposition brief:

> As to the actual wages the plaintiffs claim, Collier cannot dispute that the summary judgment is appropriate as to those wages (although Collier respectfully disagrees with the September 25, 2005 ruling). As to the penalty wages, however, the plaintiffs have clearly failed to correctly apprise the Court for the applicable Louisiana law on this issue and have in fact demonstrated through their own attachments . . . that there existed a good-faith, bona fide dispute between the parties.

Record Document 53 at 3. Thus, the Court hereby **GRANTS** summary judgment in favor of Plaintiffs on the issue of actual wages under Louisiana Revised Statutes 23:631 and turns to the issue of penalty wages under Louisiana Revised Statutes 23:632.

Collier Construction argues that even if the Court awards actual wages to Plaintiffs, it should not be liable for any penalty wages because it has equitable defenses to plaintiffs' claims and has acted in good faith. Louisiana's wage statutes "are designed to compel prompt payment of wages when an employee is discharged or resigns. . . . They are penal in nature and must therefore be strictly construed and yield to equitable defenses." Wyatt v. Avoyelles Parish School Bd., 01-3180 (La. 12/4/02), 831 So.2d 906 (citations omitted).

Plaintiffs make a claim for penalties pursuant to section 632. In order for an employer to be liable for penalty wages, the employer must have been motivated by bad faith in failing to pay wages or must be found to have acted in an arbitrary or unreasonable manner. See Bartlett v. Doctor's Hosp. of Tioga, Inc., 415 So.2d 635 (La. App. 3 Cir. 1982), *writ denied* 420 So.2d 445. If there is a good faith nonarbitrary defense to liability for unpaid wages, such as a reasonable basis for resisting liability, the court must refrain from imposing penalty wages upon the employer. See Winkle v. Advance Products & Systems, Inc., 98-694 (La.App. 3 Cir. 10/28/98), 721 So.2d 983. When there is a bona fide

dispute over the amount of wages due, courts will not consider failure to pay as arbitrary refusal and generally will refuse to award penalties. Id.

Based on the aforementioned Louisiana jurisprudence, the Court finds that under the circumstances of this case, the imposition of penalty wages against Collier Construction would be unjust and inequitable. As noted by Collier Construction, this Court conducted a Federal Rule of Civil Procedure 16 hearing. This matter is before the Court after a hearing under Federal Rule of Civil Procedure 16 to determine whether Collier Construction employed Plaintiffs within the meaning of the FLSA and/or Louisiana Revised Statutes 23:631 *et seq*. After a careful review of the record, the parties' pre-trial and post-trial briefs, the transcript of the hearing, and applicable case law, the Court ruled that Collier Construction was, for purposes of the FLSA and section 631 *et seq.*, the employer of both Powell and Plumlee. The Court agrees with Collier Construction that the Rule 16 hearing and the resulting ruling demonstrate that there was, in fact, a bon-fide dispute as to whether Collier Construction owed wages to Plaintiffs. Collier Construction had a reasonable basis for resisting liability in that it has maintained throughout this litigation that it never employed Powell and Plumlee; rather, Plaintiffs were employees of Raymond Barbo, an independent contractor/subcontractor engaged by Collier Construction in connection with mold remediation projects. Accordingly, this Court finds that penalty wages in this case would be unjust and inequitable. Summary judgment on Plaintiffs' claims for penalty wages is **DENIED**.

## II. FLSA CLAIMS.

Title 29, United States Code, Section 206(a) states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) . . . not less than $5.15 an hour beginning September 1, 1997." By failing to pay $600 in actual wages to Plumlee and $160 in actual wages to Powell for work they performed, Collier Construction did not pay the minimum wage of $5.15 an hour, as required under section 206(a)(1). In addition, Collier Construction has not disputed that Plaintiffs are entitled to the minimum wage of $5.15 an hour under the FLSA for the work they performed. Accordingly, summary judgment on the liability portion of Plaintiffs' FLSA claims is **GRANTED**. However, Plaintiffs are awarded no damages under the FLSA, as an additional damages award under the FLSA would result in impermissible double recovery.

## III. CONCLUSION.

Based on the foregoing, Plaintiffs' Motion for Summary Judgment (Record Document 51) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** summary judgment in favor of Plaintiff Kyle H. Plumlee in the amount of $600.00 for actual wages and in favor of Plaintiff Garrard A. Powell in the amount of $160.00 for actual wages; **DENIES** summary judgment as to Plaintiffs' claims for penalty wages under

Louisiana Revised Statute 23:632; and **GRANTS** summary judgment on the liability portion of Plaintiffs' FLSA claims.[2]

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 9th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiffs also seek attorneys' fees (in an amount to be determined subsequently) under Louisiana Revised Statutes 23:632 and post-judgment interest at the rate of 4.37% per annum. See Record Document 51. Plaintiffs should comply with Federal Rule of Civil Procedure 54(d) in seeking attorneys' fees and post-judgment interest.