**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| GARRARD A. POWELL, ET AL. | CIVIL ACTION NO. 03-0707 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COLLIER CONSTRUCTION, L.L.C. KA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion for Judgment *Pro Confesso* Against Capital One Financial Corporation (Record Document 76). According to a Notice of Motion Setting (Record Document 77) issued by the Clerk of Court, Capital One Financial Corporation's opposition brief was due on or before March 22, 2007. On March 21, 2007, Capital One National Association filed a document entitled "Garnishment Answers." See Record Document 78. Such document was initially deemed deficient by the Clerk of Court on the grounds that an individual signed on behalf of a company. See Record Document 79. While the deficiency was never corrected, the deficiency notation was removed by the Clerk's Office on April 13, 2007. See Record Document 78, notation.

Federal Rule of Civil Procedure 69(a) directs this Court as to the procedure on execution of a judgment, stating in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

F.R.C.P. 69(a). Thus, the Court will apply Louisiana law. Here, the record evinces that

Capital One, National Association, not Capital One Financial Corporation, responded to the Garnishment Interrogatories. Capital One Financial Corporation has not substantively answered the Garnishment Interrogatories that were served numerous times via several methods and has failed to file any response to Plaintiffs' Motion for Judgment *Pro Confesso*. Louisiana Code of Civil Procedure Article 2413 provides:

> A.  If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. . . . The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
>
> B.  Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.

La. C.C.P. Art. 2413.

According to Article 2413(A), Capital One Financial Corporation's failure to answer is prima facie proof that it has property of or is indebted to Plaintiffs to the extent of the judgment, interest, and costs. Capital One Financial Corporation's failure to respond in any way to either the Garnishment Interrogatories or the Motion for Judgment *Pro Confesso* prevents this Court from finding any evidence to contradict the prima facie proof and judgment must be rendered against the Capital One Financial Corporation. Morever, the response of Capital One, National Association, a purported affiliated, separate entity, does not contradict the aforementioned prima facie proof. Simply put, under Louisiana law, this Court must presume that Capital One Financial Corporation has property of Plaintiffs and Capital One Financial Corporation has filed no evidence rebutting the presumption.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Judgment *Pro Confesso* Against Capital One Financial Corporation (Record Document 76) be and is hereby **GRANTED**. A separate judgment against Capital One Financial Corporation in the amount of $15,483.05 and post-judgment interest shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of April, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE