# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

GARRARD A. POWELL, ET AL.                  CIVIL ACTION NO. 03-0707

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

COLLIER CONSTRUCTION, L.L.C. KA,       MAGISTRATE JUDGE HORNSBY
ET AL.

## MEMORANDUM RULING

Before the Court are two motions: a Motion for Leave to File First Amended Petition for Garnishment, Revocatory Action and for Declaratory Judgment (Record Document 92) filed by Garrard Powell and Kyle Plumlee (hereinafter referred to as "plaintiffs" or "judgment creditors") and a Motion for Judgment on the Pleadings (Record Document 88) filed by Kimberly Ann Collier, Reggie Ted Collier, and J.D. Gill (hereinafter referred to as "garnishees"). For the reasons which follow, the Motion for Leave is **GRANTED** and the Motion for Judgment on the Pleadings is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case began in 2003 as a small wage claim brought by two laborers against a construction company that refused to pay them for a few days' labor. The Court ruled in favor of plaintiffs and they are now seeking to enforce the judgment against defendant Collier Construction. The judgment dated May 10, 2006 is in favor of plaintiff Garrard A. Powell in the amount of $160.00 and in favor of plaintiff Kyle H. Plumlee in the amount of $600.00. See Record Document 60. The Clerk of Court also issued a Taxation of Costs in the amount of $993.05. See Record Document 67. Later, the Court issued a Memorandum Opinion awarding attorneys' fees in favor of plaintiffs in the amount of $12,930.00 plus post-judgment interest. See Record Document 68. In sum, plaintiffs are

judgment creditors of Collier Construction for the amount of $14,683.05 plus post-judgment interest.

The Court issued a Writ of Fieri Facias (Record Document 73) on December 13, 2006, ordering the United States Marshal to seize and sell, with appraisal, certain property of Collier Construction. Collier Construction responded to post-judgment discovery and made the verified assertion that it has never had any movable or immovable property, that all of its records (including bank records) have gone missing, and that the trailers containing the equipment it previously used are all owned individually by its principals. While continuing to pursue post-judgment discovery from Collier Construction, plaintiffs filed a Petition Under Federal Rule of Civil Procedure 69(a) for Garnishment of Assets held by Kimberly Ann Collier, Reggie Ted Collier, and J.D. Gill, the individual owners of Collier Construction. See Record Document 84. The garnishees filed an answer and have since moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Record Documents 85 & 88. The plaintiffs opposed the motion for judgment on the pleadings and subsequently filed a motion for leave to file an amended petition for garnishment, revocatory action, and for declaratory judgment. See Record Documents 90 & 92.

**LAW AND ANALYSIS**

**I.      Motion for Leave to File First Amended Petition for Garnishment, Revocatory Action and for Declaratory Judgment.**

Relying on Federal Rule of Civil Procedure 15(a)(2), plaintiffs seek to amend their prior petition (Record Document 84), "mostly to clarify the types of relief being requested and to add a revocatory action." Record Document 92-2 at 1. The amended petition

clarifies that plaintiffs seek garnishment and also allege alter ego liability.  See id. at 4.

The amended petition also adds a revocatory action, to annual any post-judgment transfers

of assets.  See id.

Rule 15(a)(2) provides that "a party may amend its pleading only with . . . the court's

leave" and that "the court should freely give leave when justice so requires."  F.R.C.P.

15(a)(2).  Plaintiffs note that there is no scheduling order and that the garnishees have yet

to engage in any post-judgment discovery in their individual capacities.  See Record

Document 92-2 at 4-5.  The amendment sought is mostly a clarification and the initial

petition was filed only four months prior to the motion for leave.  The Court finds that there

is no evidence of undue delay, bad faith, or dilatory motive on the part of plaintiffs.  Further,

no undue prejudice will result to the garnishees from the amendment.  Accordingly, the

Motion for Leave to File First Amended Petition for Garnishment, Revocatory Action and

for Declaratory Judgment (Record Document 92) is granted.

As argued by plaintiffs, the amended petition simply clarifies the original petition,

which sought garnishment and alleged alter ego liability, and adds a revocatory action.

The garnishees concede garnishment, stating:

> The only basis on which the individual defendants, Kimberly Ann Collier,
> Reggie Ted Collier and J.D. Gill, can be made defendants herein is for
> garnishment purposes.

Record Document 94 at 2.  Yet, the garnishees argue that "plaintiffs do no seek to find

property belonging to Collier Construction that is in the hands of the individual defendants,

they seek to enforce their judgment against Collier Construction by seizing property

belonging to Ms. Collier, Mr. Collier and Mr. Gill, and to assert wholly new claims against

the individual debtors."  Id.  While these arguments were originally made to attack the

original petition under Federal Rule of Civil Procedure 69(a) (Record Document 84), the arguments are equally applicable in challenging the amended petition (Record Document 92-3). Thus, the Court will now consider the motion for judgment on the pleadings in relation to the amended petition.

## II.     Motion for Judgment on the Pleadings.

The garnishees move for judgment on the pleadings "on the grounds that it appears from the face of the pleadings that the plaintiffs have no judgment against the garnishment defendants and, therefore, must proceed, if at all, with an original action against the garnishment defendants, who were not parties to this action prior to judgment."  Record Document 88 at 1.  When a Rule 12(c) motion for judgment on the pleadings raises a post-answer Rule 12(b)(6) defense, the motion should be evaluated under the Rule 12(b)(6) standard for failure to state a claim upon which relief can be granted.  See Doe v. Sabine Parish School Bd., 24 F.Supp.2d 655, 658 (W.D.La. 1998).

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), citing Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id.  Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court."  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

The amended petition (Record Document 92-3) sets forth three claims for relief: (1)

garnishment; (2) declaratory judgment - alter ego; and (3) revocatory action. The Court will consider each of the claims for relief separately.

## A.    Garnishment.

The amended petition alleges that Kimberly Ann Collier, Reggie Ted Collier, and J.D. Gill are in possession of assets that belong to Collier Construction. See Record Document 92-3, ¶ 12. Thus, the plaintiffs/judgment creditors seek garnishment of such assets. See id.

Federal Rule of Civil Procedure 69(a) provides that "a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "When enforcement of a money judgment demands ancillary litigation, state law controls, unless a federal statute provides otherwise." Consorcio Rive v. Briggs of Cancun, Inc., No. 99-2204, 2001 WL 1386081, *1 (E.D. La. Nov. 7, 2001). The Fifth Circuit has specifically held that "Rule 69 does not preclude the use of garnishment for enforcement of a judgment" if garnishment is available under state law. Id. at *2, citing Grenada Bank v. Willey, 694 F.2d 85, 87 (5th Cir. 1982). Louisiana law provides for two means of executing judgment: actions for garnishment and revocatory actions. Id.

Garnishment proceedings are governed by Louisiana Code of Civil Procedure Article 2411, which states:

> The judgment creditor, by petition and after the issuance of a writ of fieri facias, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor . . . .

La. C.C.P. 2411. As stated previously, the Court has issued a Writ of Fieri Facias in this case. See Record Document 73. Moreover, the garnishees have conceded garnishment, stating:

> The only basis on which the individual defendants, Kimberly Ann Collier, Reggie Ted Collier and J.D. Gill, can be made defendants herein is for garnishment purposes.

Record Document 94 at 2. Notwithstanding this concession, assuming that all the allegation in the amended complaint are true, plaintiffs have "plead enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d at 205. Accordingly, the motion for judgment on the pleadings is denied as to the action for garnishment.

**B.     Alter Ego Liability.**

The amended petition seeks a declaratory judgment that Collier Construction operated as an alter ego of its members, which would result in the members being individually liable for the debts and obligations of Collier Construction. See Record Document 92-3, ¶ 13. Specifically, the members, Kimberly Ann Collier, Reggie Ted Collier, and J.D. Gill, would be individually liable for the money judgment in favor of the plaintiffs/judgment creditors. See id.

The garnishees move for judgment on the pleadings, arguing that "rather than to seek assets of the judgment debtors, Collier Construction, that might be in the possession of the garnishment defendants or one of them, the plaintiffs seek to enforce the judgment against the garnishment defendants individually, not as judgment debtors." Record Document 88-2 at 4. The garnishees rely on Louisiana case law for the principle that issues of fraudulent transfer under an "alter ego" theory of law are not actions within the

scope of summary garnishment proceedings.  See Economy Fire & Cas. Co. v. Swaney, 33,950 (La.App. 2 Cir. 10/4/00), 768 So.2d 822, 827 n. 2 ("Any claim of fraudulent misrepresentation which Economy might assert against Falcon for personal liability and damages may not be presented in this summary proceeding for garnishment, but must be brought as an ordinary action."); Reading & Bates Const. Co. v. Baker Energy Resources Corp., 94-450 (La.App. 3 Cir. 11/2/94), 649 So.2d 581, 582 ("A garnishment proceeding is a legal process merely for obtaining seizure of property of the judgment debtor in the hands of a third party, in this case Woodson and Laine.  Reading & Bates sought to make Baker and BERCO defendants to the garnishment proceedings alleging issues of fraudulent transfer under an 'alter ego' theory of law.  Such an action is not within the scope of summary garnishment proceedings.").

In opposing the motion for judgment on the pleadings, plaintiffs argue that by filing a petition, as compared to a motion or rule to show cause, they have invoked an ordinary proceeding, not a summary proceeding.  They further contend that they should not be forced to re-litigate the underlying wage and penalty case.

In the amended petition, plaintiffs "seek to invoke the special procedures of Federal Rule of Civil Procedure 69(a) and Louisiana law to satisfy their judgment with the assets of the members of Collier Construction."  Record Document 92-3, ¶ 1.  Yet, Louisiana law does not permit piercing the corporate veil and/or issues of fraudulent transfer under an alter ego theory of law to be maintained in a garnishment proceeding.  See Economy Fire & Cas. Co., 768 So.2d at 827 n. 2; Reading & Bates Const. Co., 649 So.2d at 582.  The instant proceeding was brought pursuant to Rule 69 and must be in accord with the procedure of Louisiana.  Under Louisiana law, "the garnishment procedure is designed as

a streamlined method of obtaining funds of the debtor in the hands of a third party," not to determine whether Collier Construction and the garnishees are alter egos of each other. First Nat'l Bank of Commerce v. Boutall, 422 So.2d 1159, 1161 (La. 1982). Accordingly, the Court finds that plaintiffs have failed to raise a right to relief above the speculative level, as Louisiana law does not provide for the alter ego liability in the context of a garnishment proceeding. The motion for judgment on the pleadings is granted as to the claim for a declaratory judgment that Collier Construction operated as an alter ego of its members.

## C.    Revocatory Action.

The amended petition alleges that "Collier Construction has transferred assets to its individual members after the Court issued a judgment in favor of [the plaintiffs/judgment creditors." Record Document 92-3, ¶ 14. Pursuant to Louisiana Code of Civil Procedure Article 2036,[1] the plaintiffs/judgment creditors seek revocation of any act that caused or increased the insolvency of Collier Construction. See id.

Again, Rule 69(a) directs the Court to look to state law when enforcing a money judgment. See F.R.C.P. 69(a); Consorcio Rive, 2001 WL 1386081, *2. Under Louisiana law, a revocatory action is one of the means available to execute a money judgment. See Consorcio Rive, 2001 WL 1386081, *2. While the Fifth Circuit held that Rule 69 does not preclude the use of garnishment for enforcement of a judgment if garnishment is available under state law, there has been no such ruling in relation to a revocatory action. See id.,

---

[1]Louisiana Civil Code Article 2036 states:

An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

citing Grenada Bank, 694 F.2d at 87. There are key distinctions between garnishment proceedings and revocatory actions. See Consorcio Rive, 2001 WL 1386081, *3. A garnishment proceeding, which results from the execution of a writ of fieri facias, directs the sale or seizure of property that belongs to the judgment debtor, while a revocatory action tests the validity of the title to property that is merely in the possession of a third person. See id. "Two nineteenth century cases clearly state that a revocatory action cannot be carried on by way of garnishment because the object of a direct revocatory action is to test the validity of title to property in the possession of a third person who would be deprived of any means of defense if there was no direct action." See id., citing Laville v. Hebrard, 1842 WL 1493, at *1 (La.1842); Juan Gregorio Funes y Carillo v. President of the Bank of the U.S., 1845 WL 1517, at *3 (La.1845). These cases have not been overruled, nor have they been cited with approval. See Consorcio Rive, 2001 WL 1386081, *3. No modern cases on point were found and the case law is simply unclear whether a plaintiff today could carry on a revocatory action by way of a garnishment action. See id.

The Court finds that the analysis surrounding the revocatory action is similar to that of alter ego liability, not garnishment. Unlike an action for garnishment, the Fifth Circuit has not held that Rule 69 does not preclude the use of a revocatory action for enforcement of a judgment if a revocatory action is available under state law. Further, there are two nineteenth century Louisiana cases that clearly state that a revocatory action cannot be carried on by way of garnishment. See Laville, 1842 WL 1493, at *1; Juan Gregorio Funes y Carillo, 1845 WL 1517, at *3. Such rationale is supported by more recent case law which states that "the garnishment procedure is designed as a streamlined method of obtaining

funds of the debtor in the hands of a third party," not to test the validity of the title to property that is merely in the possession of a third person. <u>First Nat'l Bank of Commerce</u>, 422 So.2d at 1161. Moreover, a review of the Louisiana Civil Code reveals that there is a one year prescriptive period applicable to revocatory actions. <u>See</u> La. C.C. Art. 2041.[2] A prescriptive period contemplates the filing of a new lawsuit, not the filing of ancillary litigation as permitted by Rule 69(a). Accordingly, the Court finds that plaintiffs have failed to raise a right to relief above the speculative level, as Louisiana law does not provide for a revocatory action in the context of a garnishment proceeding. The motion for judgment on the pleadings is granted as to claim for a revocatory action.

## CONCLUSION

Based on the foregoing, the Court grants the Motion for Leave to File First Amended Petition for Garnishment, Revocatory Action and for Declaratory Judgment (Record Document 92) filed by Garrard Powell and Kyle Plumlee and grants in part and denies in part the Motion for Judgment on the Pleadings (Record Document 88) filed by Kimberly Ann Collier, Reggie Ted Collier, and J.D. Gill. The Motion for Judgment on the Pleadings is granted as to alter ego liability and the revocatory action. These claims are dismissed

---

[2]Article 2041 provides:

The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result.

without prejudice.  The Motion for Judgment on the Pleadings is denied as to the action for

garnishment, which will proceed.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of July, 2008.


_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE